```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

PAUL FERRARO,

                    **ORDER ADOPTING REPORT AND RECOMMENDATION**

             Plaintiff,

  -against-                 13-CV-5837 (KAM)(JO)

NEW YORK CITY DEPARTMENT OF EDUCATION,
RALPH K. HONORE and MARC SLIPPEN,

             Defendants.

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On October 24, 2013, plaintiff Paul Ferraro ("plaintiff" or "Mr. Ferraro") commenced this action against his employer, defendant New York City Department of Education ("DOE"), his principal Ralph K. Honore ("Mr. Honore"), and his assistant principal Marc Slippen ("Mr. Slippen") (collectively, "defendants"), alleging employment discrimination on the basis of his disability, as well as retaliation for his protected activity when he complained about the alleged discrimination, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 296-97; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107. (*See generally* Complaint filed 10/24/13 ("Compl."), ECF No. 1.)

On May 2, 2014, defendants moved to dismiss plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). (Notice of Mot. to Dismiss filed 5/2/14, ECF No. 14.) Defendants asserted the following grounds for dismissal: (1) abstention based on a state action alleging overlapping facts; (2) untimeliness of the claims; (3) failure to state a claim; and (4) no individual liability under the ADA. (*See* Mem. of Law in Supp. of Defs.' Mot. to Dismiss the Compl. ("Defs.' Mot."), ECF No. 16, at 22; Compl. ¶ 7.)[1] On September 16, 2014, the court referred the defendants' motion to dismiss to the Honorable James Orenstein for a Report and Recommendation. (*See* Order Referring Motion 9/16/14.)

On March 16, 2015, Judge Orenstein issued a Report and Recommendation recommending that the court dismiss the individual ADA claims against Mr. Honore and Mr. Slippen, but deny defendants' motion with respect to the other claims. (Report and Recommendation dated 3/16/15 ("R&R"), ECF No. 19.) The R&R made the following recommendations: (1) deny dismissal pursuant to the *Younger* abstention doctrine; (2) deny dismissal of Mr. Ferraro's claims which include allegedly discriminatory acts that predate the 300-day limitations period because the

---

[1] In an argument relegated to a footnote, defendants contend that Mr. Ferraro's hostile work environment claim should be dismissed because the Second Circuit has not yet held that such a claim is cognizable under the ADA. (*See* Defs.' Mot. at 18 n.3.)

2

claims are not time-barred; (3) deny dismissal because Mr. Ferraro has plausibly alleged *prima facie* cases of discrimination and retaliation; and (4) grant dismissal of claims against individual defendants. (*See* R&R at 7-13.)

The R&R also informed the parties that any objections to the report must be filed within fourteen days of receipt of the report, by March 30, 2015. (*See* R&R at 13 (citing 28 U.S.C. § 636(b)(1)).) Notice of the R&R was sent electronically to the parties via the court's electronic filing system on March 16, 2015. On March 30, 2015, defendant filed objections to the R&R. (Def.'s Objection to R&R filed 3/30/15 ("Def. Obj."), ECF No. 21.)

**STANDARD OF REVIEW**

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error." *Zaretsky v. Maxi-*

*Aids, Inc.*, No. 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection"); *see also Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011). The district court is "permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." *Batista v. Walker*, No. 94 Civ. 2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) (citation and internal quotation marks and brackets omitted). Furthermore, even on *de novo* review of specific objections, the court "will not consider 'arguments, case law, and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)).

## **DISCUSSION**

Defendants object that the R&R did not address their contention that the timespan between plaintiff's protected activity and the adverse employment action was too "temporally

4

remote" to allege a causal connection between the protected activity and the adverse employment action to plausibly state a retaliation claim. (Def. Obj. at 9-10.) In addition, defendants object to the R&R's rejection of defendants' arguments that plaintiff's claims under the ADA, NYSHRL, and NYCHRL are time-barred and fail to state a claim for disability discrimination and retaliation. (*See* Def. Obj.)[2]

The court first conducts a *de novo* review of the record regarding the temporal relationship between plaintiff's protected activity and the alleged retaliation by defendants. The parties do not dispute that Mr. Ferraro filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 5, 2012. (*See* Mem. of Law in Supp. of Defs.' Mot. to Dismiss the Compl., ECF No. 16, at 22; Compl. ¶ 7.) Mr. Ferraro alleges that Mr. Honore issued a letter to plaintiff's file regarding "intermingling student lunch money with photograph money" on December 7, 2012, and that plaintiff was subject to close classroom observations on December 10, 12, and 17, 2012. (Compl. ¶¶ 89-92.) Plaintiff also alleges that,

---

[2] Defendants do not object to the recommended denial of their motion based on abstention. Defendants also do not object to the R&R's recommendation that defendants' motion to dismiss plaintiff's hostile work environment claims be denied, because no circuit court has held that the ADA does not support a hostile work environment claim and district courts in this circuit "have likewise uniformly resolved this issue in favor of plaintiffs asserting such claims." (R&R at 11 n.6.) The court adopts the R&R's recommendations denying defendants' abstention and hostile work environment motions, finding no clear error.

in April 2013, Mr. Honore changed the subject matter of plaintiff's formal observation, refused plaintiff's request to turn on the air conditioning prior to a classroom observation, and issued an unsatisfactory rating, among other alleged adverse actions. (Compl. ¶¶ 93-98.) Even if the court did not consider the alleged incidents in December 2012 to be adverse employment actions, the Second Circuit has made clear that four months is not so temporally distant to allege a causal relationship for a *prima facie* case of retaliation. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010) ("Though this Court has not drawn a bright line defining, for the purposes of a prima facie case, the outer limits beyond which a temporal relationship is too attenuated to establish causation, we have previously held that five months is not too long to find the causal relationship."). Consequently, pursuant to a *de novo* review of the record, the court finds that plaintiff has adequately alleged a causal connection between his protected activity and the adverse employment action, and adopts the R&R's recommendation that plaintiff has sufficiently alleged a retaliation claim.

Because the defendants' remaining arguments regarding timeliness of plaintiff's claims and the sufficiency of his

pleading[3] merely reiterate those made in defendants' motion to dismiss, the court may properly review the R&R for clear error. *See Zaretsky*, 2012 WL 2345181, at *1. The court finds no clear error and adopts the R&R's recommendations rejecting defendants' arguments that plaintiff's claims are time-barred and fail to state a claim of discrimination. With respect to defendants' argument that plaintiff's claims are time-barred, the court agrees with the R&R that defendants' alleged conduct that occurred more than 300 days before Mr. Ferraro filed his complaint with the EEOC on December 5, 2012, including Mr. Honore and Mr. Slippen's comments suggesting discriminatory animus are properly considered "as background evidence" even though they occurred outside of the applicable limitations period. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Nor does the statute bar an employee from using the

---

[3] The court notes that the district opinions to which the R&R cite, *Smalls v. PetSmart, Inc.*, No. 09-CV-5347, 2010 WL 5572073 (E.D.N.Y. Nov. 1 2010) and *Morales v. Long Island R.R. Co.*, No. 09 CV 8714, 2010 WL 1948606 (S.D.N.Y. May 14, 2010), rely on *Boykin v. KeyCorp*, 521 F.3d 202 (2d Cir. 2008), which was decided after the Supreme Court's decision in *Twombly*, but before its decision in *Iqbal*. In *Kajoshaj v. New York City Dep't of Educ.*, 543 F. App'x 11, 15 (2d Cir. 2013), the Second Circuit cautioned that "*Boykin* . . . cannot be read to conflict with *Iqbal*'s requirement that pleadings permit a court to 'infer more than the mere possibility of misconduct' and its instruction that the identification of a plausible claim is a 'context-specific' inquiry." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The R&R's misplaced reliance on *Boykin*, however, does not undermine the R&R's recommendation that plaintiff sufficiently alleged a discrimination claim under the ADA when plaintiff has alleged that defendants were aware of plaintiff's disability, defendants made remarks indicating discriminatory animus, and defendants subjected plaintiff to treatment that not only differed from the treatment of other teachers, but aggravated Mr. Ferraro's disability and imposed a greater burden on plaintiff. (*See* R&R at 10.)

7

prior bad acts as background evidence to support a timely claim.") The court notes, however, that claims based on discrete acts of discrimination that occurred 300 days before December 5, 2012 and are unrelated to an identifiable policy or practice are time-barred. *See Patterson v. Cty. of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004) ("[Title VII] precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period, even if other acts occurred within the statutory time period.") (internal quotations and citations omitted). Consequently, as the R&R suggested, discovery on alleged discrete acts of discrimination 300 days before December 5, 2012 may be limited, claims based on time-barred acts may be properly dismissed at the summary judgment stage, and evidence of the time-barred acts may be inadmissible at trial. (*See* R&R at 8.)

## **DISCUSSION**

Upon a careful clear error and *de novo* review of the record and Judge Orenstein's well-reasoned and thorough Report and Recommendation, the court denies defendants' objections, and affirms and adopts the Report and Recommendation in its entirety

as the opinion of the court.[4]  Accordingly, the court grants defendants' motion to dismiss the individual ADA claims against Mr. Honore and Mr. Slippen, and denies defendants' motion made on the following grounds: (1) abstention based on a state action alleging overlapping facts; (2) untimeliness of the claims; and (3) failure to state a claim.

**SO ORDERED.**

Dated:   March 31, 2015
         Brooklyn, New York

                                           _____/s/_____
                                           Kiyo A. Matsumoto
                                           United States District Judge

---

[4] Because the court does not find that defendants' objections have any merit and plaintiff has filed no objections, the court finds that a response from the plaintiff is unnecessary and adopts the Report and Recommendation without awaiting a response from the plaintiff.